UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY DALE HESS,

    Petitioner,

v.                                        CASE NO. 6:15-cv-541-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 6). Petitioner filed a reply to the response (Doc. 9).

Petitioner alleges nine claims for relief in his habeas petition. However, as discussed hereinafter, the Court finds the petition is untimely filed.

                                      **I.**      **PROCEDURAL HISTORY**

Petitioner was charged by information with aggravated battery upon a law enforcement officer (count one), resisting an officer with violence (count two), leaving the scene of a crash involving personal injury (count three), reckless driving with damage to property or person (count four), and leaving the scene of a crash with property damage (count five) (Doc. 1 at 135-36). The State filed notices of its intent to seek a habitual violent

felony offender ("HVFO") and prison releasee reoffender ("PRR") sentence. *Id.* at 143-44. After a jury trial, Petitioner was convicted as charged (Doc. 7-2 at 65, 76-79). The trial court sentenced Petitioner to a thirty-year term of imprisonment for count one as a PRR, to concurrent five-year terms of imprisonment for counts two and three, and to time served for counts four and five. *Id.* at 102-107. Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* on August 21, 2012 (Doc. 7-5 at 34).

On November 11, 2013,[1] Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. *Id.* at 38-44. The trial court denied the motion, and on May 6, 2014, the Fifth DCA affirmed *per curiam*. *Id.* at 99. Mandate issued on May 30, 2014. *Id.* at 101.

While Petitioner's Rule 3.800(a) appeal was pending, he filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure on March 18, 2014. *Id.* at 103-41. The trial court summarily denied the motion (Doc. 7-6 at 1-16). On December 15, 2014, the Fifth DCA affirmed *per curiam* (Doc. 7-8 at 121). Mandate issued on January 9, 2015. *Id.* at 123. Petitioner filed his federal habeas petition on March 30, 2015 (Doc. 1).

---

[1] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

## II.  TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

    (A)  the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its order of affirmance on August 21, 2012. Petitioner's convictions became final ninety days later, or on November 19, 2012. *See* Sup. Ct. R. 13(3) (stating the time to file a petition for writ of certiorari runs from the date of entry or judgment or denial of rehearing and not the date mandate is

3

issued). Thus, under § 2244(d)(1)(A), Petitioner had through November 19, 2013, absent any tolling, to file a federal habeas petition.

Pursuant to § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed his Rule 3.800(a) motion on November 11, 2013. A total of 357 days of the one-year limitations period elapsed before Petitioner filed this motion. The limitations period was tolled from November 11, 2013, through May 30, 2014, the date mandate issued on appeal from the denial of the Rule 3.800 motion. Petitioner had 8 days of the limitations period remaining to file his federal habeas petition.

Petitioner also filed a Rule 3.850 motion on March 18, 2014, while his Rule 3.800(a) appeal was pending. Therefore, the limitations was further tolled through January 9, 2015, the date the mandate issued on appeal. Petitioner had 8 days, or until January 19, 2015,[2] to file his federal habeas petition. The instant petition, filed on March 30, 2015, is untimely.

### III.   EQUITABLE TOLLING

To overcome his untimely filing, Petitioner contends that he is entitled to equitable tolling (Doc. Nos. 1 at 51; 9 at 4). The Supreme Court of the United States has held that the AEDPA's one-year statutory limitation period set forth in "§ 2244(d) is subject to

---

[2] The limitations period expired on January 17, 2015, which was a Saturday. Thus, the limitations period was extended through the next business day, Monday, January 19, 2015.

4

equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence,' . . . 'not maximum feasible diligence . . . .'" *Id.* at 653 (internal quotations and citations omitted). To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (*citing Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

Petitioner alleges that he was transferred from the State of Florida to the State of Colorado in 2012 and was not returned until May 7, 2013 (Doc. Nos. 1 at 51; 9 at 4). According to Petitioner, during this time he had "no access to Florida's laws or procedures for obtaining relief via the state courts." *Id.* Petitioner states that six months of his one-year limitations period expired while he was incarcerated outside of Florida. Petitioner also contends that after he was returned to Florida, he spent numerous days in transit between correctional institutions, during which time he had no access to a law library, research materials, or an inmate law clerk (Doc. 1 at 52).

Federal courts have concluded that transfers to an out-of-state prison or between correctional institutions in one state are not extraordinary circumstances which warrant equitable tolling. *See Kenyon v. Wyoming Dept. Of Corrections,* 310 F. App'x 250, 254 (10th

5

Cir. 2009) (rejecting equitable tolling based on prisoner's allegations that he was transferred to an out-of-state prison facility where he was unable to access legal materials); *Lash v. Wasden*, No. 1:12-CV-00493-CWD, 2013 WL 6816640, at *3 (D. Idaho Dec. 20, 2013) (noting that prisoners are "routinely transferred between prisons, and sometimes even out-of-state prisons. Such transfers are hardly the sort of extraordinary circumstances that would justify equitable tolling"); *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013) (concluding institutional transfers are not extraordinary circumstances as they are "usual incidents of prison life") (internal quotation omitted).

Additionally, factors such as institutional ignorance of the law, lack of legal documents or education, and *pro se* status are not considered extraordinary circumstances that would excuse an untimely habeas petition. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (lack of access to legal documents does not amount to an extraordinary circumstance); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (holding that while the petitioner's lack of education may have delayed his efforts to seek post-conviction relief, his procedural ignorance does not excuse untimely filing). Consequently, Petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed

6

herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Gregory Dale Hess (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 16th day of May, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 5/16
Counsel of Record
Gregory Dale Hess

8